EXHIBIT "A"

/(2890)

Kraig M. Dowd, Esq.
Attorney I.D.: 052771997
WEBER DOWD LAW, LLC
365 Rifle Camp Road
Woodland Park, NJ 07424
973-200-0805 (tel.)
973-200-0806 (fax)
*Attorney for Plaintiffs*

Act# 14/1713

SUPERIOR COURT OF NJ
CIVIL DIVISION
ESSEX VICINAGE

2014 MAY -8  P 12: 21

FINANCE DIVISION
RECEIVED/FILED
30

| | |
|---|---|
| ABDULLAH JONES, minor by his natural guardian and mother , KELLY BROWN-JONES; and KELLY BROWN-JONES, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> MARRIOTT INTERNATIONAL, INC.; BRUNSWICK CORPORATION; ABC CORPORATIONS 1-10; and JOHN & JANE DOES 1-10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, ESSEX COUNTY <br><br> Docket No.: L-3296-14 <br><br> *Civil Action: Tort* <br><br> **COMPLAINT** |

Plaintiffs, Abdullah Jones, minor, with date of birth of November 16, 1999, by his natural guardian and mother, Kelly Brown-Jones, and Kelly Brown-Jones, individually, both residing at 225 Vassar Avenue, Newark, Essex County, State of New Jersey (hereinafter "Plaintiffs"), by and through its counsel, Weber Dowd Law, LLC, by way of Complaint hereby alleges as follows:

### Allegations Common to All Counts

1.      Plaintiffs are, and at all times hereinafter mentioned were, natural persons residing in the City of Newark, County of Essex, State of New Jersey.

2.      Marriott International, Inc. is, and at all times hereinafter mentioned was, a foreign corporate entity duly authorized to transact business throughout the State of New Jersey.

Marriot International, Inc. (hereinafter also referred to as "Marriot") at all times relevant herein owned and/or leased, operated, controlled, and maintained a hotel, conference center, and related facilities, located at 1401 Route 10 East, Whippany, New Jersey (hereinafter also referred to as the "Premises").

3. Brunswick Corporation (hereinafter "Brunswick"), is, and all times hereinafter mentioned was, a foreign corporate entity duly authorized to transact business throughout the State of New Jersey.

4. Upon information and belief, Brunswick owns and operates Life Fitness, a division and/or subsidiary thereof, that either directly manufactures and/or places manufactured products into the stream of commerce in New Jersey.

5. Upon information and belief, Brunswick manufactures various types of leisure and exercise equipment either directly or through one of its subsidiaries or divisions, one of which includes, but is not limited to, Life Fitness.

6. Upon information and belief, Brunswick and/or its subsidiary and/or division, Life Fitness, designed and manufactured the treadmill (hereinafter "Life Fitness treadmill" and/or "the treadmill"), which was eventually sold and/or distributed to Marriott International, Inc., to be used in the gym at its Premises.

7. The Life Fitness treadmill was designed in such a way that deviated from reasonably alternative designs that were safer and/or included safety features.

8. The Life Fitness treadmill did not have or display adequate warnings and/or age-appropriate signage.

9. The Life Fitness treadmill did not include proper safety equipment and/or safety features so as to prevent or reduce the likelihood of injury through its use or operation.

2

10. On July 4, 2008, Abdullah Jones (hereinafter also referred to as "Abdullah") lawfully attended a conference with his family, including his mother, Plaintiff, Kelly Brown-Jones, at the Hanover Marriott in Whippany, New Jersey.

11. During the conference, on his return from the restroom, Abdullah entered the unsupervised gym on the Premises through an unlocked entrance and, while playing with other children present, Abdullah's hands became lodged under the Life Fitness treadmill that had been turned on.

12. As a result Abdullah sustained serious permanent and temporary injuries to his hands.

13. Abdullah remained on the Premises with his mother, Plaintiff Kelly Brown-Jones, after the incident before being transported by ambulance to Morristown Memorial Hospital.

14. At the time of the incident, Abdullah was a minor and infant at law, being only eight years-old at the time.

15. At the time and place aforesaid, defendants, through their agents, servants, and/or employees, were careless, negligent, reckless, willful, and/or wanton in the proper control, supervision, maintenance, inspections, instruction, and/or general safekeeping of the aforementioned Premises in that they:

    (a) failed to monitor, supervise, control, and/or instruct their personnel;

    (b) did not keep the Premises, including, but not limited to the gym area, in a safe condition;

    (c) did not exercise proper care;

    (d) caused a dangerous and hazardous condition to exist;

    (e) allowed a nuisance and/or dangerous condition to exist;

(f) failed to provide warning to plaintiffs of said dangerous conditions and/or failed to provide proper safeguards in the gym, upon the treadmills, and/or on the areas of the Premises in the vicinity of the location in which the injuries were sustained by the Plaintiff;

(g) violated standards applicable to owners and operators of hotels, conference centers, and gym operators;

(h) violated applicable laws, rules, regulations relating to offering and conducting conferences and exercise areas as are involved in this matter; and/or

(i) were otherwise carless, negligent, and/or reckless in the supervision, monitoring, control and operation of the hotel, conference center and gym facilities on the Premises.

### Count I

### (on behalf of Minor Plaintiff Abdullah Jones)

16.    The Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs of this Complaint as though set forth at length herein.

17.    Brunswick, ABC Corporations 1-10, and John and Jane Does 1-10, are strictly liable for the defective and negligent manufacture and design of the Life Fitness treadmill due to the treadmill not being reasonably fit, suitable, and/or safe for its intended purpose, including reasonably foreseeable misuse, because it deviated from the design specifications, formulae, or performance standards.

18.    These named defendants are strictly liable for the defective and negligent manufacture and design of the Life Fitness treadmill due to the treadmill not being reasonably fit, suitable, or safe for its intended purpose, including reasonably foreseeable misuse, for its failure

4

to adequately warn and/or provide sufficient age-appropriate signage for the treadmill to be widely used at the Hanover Marriott.

19. These defendants are strictly liable for the defective and negligent design of the Life Fitness treadmill due to there being available reasonable alternative designs that were safer and/or included safety features that would have prevented the injuries or the extent of the injuries incurred by Abdullah as aforesaid.

20. Defendants are strictly liable for failing to provide or install proper safety features or use an alternative design that would have prevented the injuries here.

21. Defendants are strictly liable due to having exercised significant control over the design, manufacture, packaging, and/or labeling of the treadmill.

22. Defendants are strictly liable for having created the alleged defects in the Life Fitness treadmill and/or modifying the treadmill in such a way as to have caused the injury here.

**WHEREFORE**, Plaintiffs Kelly Brown-Jones as parent and guardian of minor plaintiff Abdullah Jones and Abdullah Jones demand judgment against the Defendants Brunswick Corporation; ABC Corporations 1-10; and John & Jane Does 1-10, and their agents, servants and employees, jointly, severally, and/or in the alternative, for the following relief:

a. Compensatory damages, including consequential and incidental damages, plus interest;

b. Attorneys fees and costs; and

c. Any other relief that the Court deems just.

## Count II

### (on behalf of Minor Plaintiff Abdullah Jones)

5

23.    Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs of this Complaint as though set forth at length herein.

24.    Upon information and belief, Marriot International, Inc., ABC Corporations 1-10, and John and Jane Does installed the Life Fitness treadmill in question at the Hanover Marriott located upon the Premises.

25.    Upon information and belief, these defendants were responsible for regularly maintaining and repairing the Life Fitness treadmill.

26.    As a result of the liability, negligence, carelessness, and recklessness of the Defendants in failing to reasonably discover the hazardous and inherently dangerous conditions of the Life Fitness treadmill, properly warn and/or instruct of the dangerous condition of the treadmill, and/or provide adequate safety features to prevent the reasonably foreseeable injury, Abdullah sustained serious and permanent injuries, and suffered great physical pain, and has been and will in the future be unable to pursue his normal daily activities as before the incident.

WHEREFORE, Plaintiffs Kelly Brown-Jones as parent and guardian of Abdullah and Abdullah demand judgment against the Defendants Marriott International, Inc.; ABC Corporations 1-10; and John & Jane Does 1-10, and their agents, servants and employees, jointly, severally, and/or in the alternative, for the following relief:

a.    Compensatory damages, including consequential and incidental damages, plus interest;

b.    Attorneys fees and costs; and

c.    Any other relief that the Court deems just.

## Count III

### (on behalf of Minor Plaintiff Abdullah Jones for Negligence)

27.     The Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs of this Complaint as though set forth at length herein.

28.     On the date of the incident, the Premises, were hazardous to Abdullah, who was legally permitted to be on the premises.

29.     Marriott had notice that children would be participating and attending the conference on its the premises.

30.     Marriott was responsible for supervising the Premises, monitoring the gym and related facilities on the Premises, and for maintaining all services on the Premises for its invitees and other lawful guests, including Plaintiffs.

31.     At all times relevant, Marriott failed to properly maintain the Premises causing hazardous, dangerous, and trap-like condition on the Premises, which was the proximate cause of the injury to minor plaintiff Abdullah Jones.

32.     As a direct and proximate result of the negligence, carelessness, recklessness willfulness and/or wanton conduct of the defendant Hanover Marriott in its defective and negligent maintenance of the Premises, minor plaintiff Abdullah Jones sustained severe personal injuries, both internal and external, and both temporary and permanent in nature, has suffered, is suffering, and may in the future, suffer great pain and discomfort, has incurred, is incurring, and may in the future, be caused to incur expenses for hospital and/or medical treatment in an effort to cure and alleviate said injuries, has been and may in the future be unable to pursue his normal activities, resulting in a loss of monies and wages, and has been otherwise damaged.

7

WHEREFORE, Plaintiffs Kelly Brown-Jones as parent and guardian of minor plaintiff Abdullah Jones and Abdullah Jones demand judgment against the Defendants Hanover Marriot; ABC Corporations 1-10; and John & Jane Does 1-10, and their agents, servants and employees, jointly, severally, and/or in the alternative, for the following relief:

    a.    Compensatory damages, including consequential and incidental damages, plus interest;

    b.    Attorneys fees and costs; and

    c.    Any other relief that the Court deems just.

### Count IV

### (on behalf of Minor Plaintiff Abdullah Jones for Emotional Distress)

33.    The Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs of this Complaint as though set forth at length herein.

34.    As a result of the negligence, carelessness, recklessness, willfulness and/or wanton conduct of the defendant Marriott in its maintenance, repair, supervision, security, and safekeeping of the Premises directly and proximately causing injury to minor plaintiff Abdullah Jones, Abdullah was frightened and reasonably feared the personal injury which ultimately resulted from Marriott's unlawful conduct herein described .

WHEREFORE, Plaintiffs Kelly Brown-Jones as parent and guardian of minor plaintiff Abdullah Jones and Abdullah Jones demand judgment against the Defendants Hanover Marriot; ABC Corporations 1-10; and John & Jane Does 1-10, and their agents, servants and employees, jointly, severally, and/or in the alternative, for the following relief:

    d.    Compensatory damages, including consequential and incidental damages, plus interest;

8

e.   Attorneys fees and costs; and

f.   Any other relief that the Court deems just.

## Count V

### (on behalf of Plaintiff Kelly Brown-Jones, Individually, for Loss of Services)

35.   The Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as though set forth at length herein.

36.   Kelly Brown-Jones is the mother and natural guardian of the minor-plaintiff Abdullah Jones.

37.   As a result of the negligence, carelessness, recklessness, willfulness and/or wanton conduct of the defendant Hanover Marriott in its maintenance, repair, supervision, security and safekeeping of the Premises directly and proximately causing injury to minor plaintiff Abdullah Jones, Plaintiff Kelly Brown-Jones was deprived of the loss of services, comfort, affection, and companionship of her son, Abdullah Jones.

WHEREFORE, Plaintiffs Kelly Brown-Jones as parent and guardian of minor plaintiff Abdullah Jones and Abdullah Jones demand judgment against the Defendants Marriott International, Inc.; ABC Corporations 1-10; and John & Jane Does 1-10, and their agents, servants and employees, jointly, severally, and/or in the alternative, for the following relief:

a.   Compensatory damages, including consequential and incidental damages, plus interest;

b.   Attorneys fees and costs; and

c.   Any other relief that the Court deems just

## Count VI
### (on behalf of Plaintiff Kelly Brown-Jones, Individually, for Emotional Distress)

9

21.    The Plaintiff repeats and realleges each and every allegation contained in the previous paragraphs of this Complaint as though set forth at length herein.

38.    Kelly Brown-Jones attended the conference with her son, minor Plaintiff Abdullah Jones, and family held at the Hanover Marriot.

39.    Kelly Brown-Jones and Abdullah Jones were both listening to a conference speaker prior to Abdullah excusing himself to use the rest room.

40.    Kelly Brown-Jones arrived at the scene of the incident immediately after Abdullah's hands were caught in the Life Fitness treadmill, and her perception of the incident and injuries sustained by Abdullah was severe.

41.    Kelly Brown-Jones helplessly watched her son suffer due to the injuries sustained as they both remained on the Premises before being taken via ambulance to the hospital.

42.    As a result of the negligence, carelessness, recklessness, willfulness and/or wanton conduct of the defendant Marriott in its maintenance, repair, supervision, security and safekeeping of the Premises directly and proximately causing injury to minor plaintiff Abdullah Jones, Plaintiff Kelly Brown-Jones was caused to suffer severe emotional distress and damage.

**WHEREFORE**, Plaintiffs Kelly Brown-Jones as parent and guardian of minor plaintiff Abdullah Jones and Abdullah Jones demand judgment against the Defendants Hanover Marriot; ABC Corporations 1-10; and John & Jane Does 1-10, and their agents, servants and employees, jointly, severally, and/or in the alternative, for the following relief:

a.    Compensatory damages, including consequential and incidental damages, plus interest;

b.    Attorneys fees and costs; and

c.    Any other relief that the Court deems just.

10

<u>Count VII</u>
<u>(against ABC Corporations and John and Jane Does on behalf of Plaintiffs)</u>

43.    The Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs of this Complaint as though set forth at length herein.

44.    At all times hereinafter mentioned, ABC Companies and/or Corporations 1-10 and John and Jane Does 1-10 owned, operated, repaired, and/or maintained the aforementioned Premises at which minor Plaintiff Abdullah Jones sustained injuries.

45.    As a result of the negligence, carelessness, and recklessness of the Defendants in their maintenance, repair, supervision, security and safekeeping of the Premises directly and proximately causing injury to minor plaintiff Abdullah Jones, Plaintiff Kelly Brown-Jones was deprived of the loss of services, comfort, affection, and companionship of her son, Abdullah Jones.

46.    As a result of the negligence, carelessness, recklessness, willfulness and/or wanton conduct of the defendants in their defective and negligent maintenance of the Premises directly and proximately causing injury, including physical and emotional distress, to minor plaintiff Abdullah Jones, as well the damages sustained by Plaintiff Kelly Brown-Jones, Abdullah's mother.

**WHEREFORE,** Plaintiffs Kelly Brown-Jones as parent and guardian of minor plaintiff Abdullah Jones and Abdullah Jones demand judgment against the Defendants Hanover Marriot; ABC Corporations 1-10; and John & Jane Does 1-10, and their agents, servants and employees, jointly, severally, and/or in the alternative, for the following relief:

g.    Compensatory damages, including consequential and incidental damages, plus interest;

h.    Attorneys fees and costs; and

11

i.      Any other relief that the Court deems just.

Dated:                                          WEBER DOWD LAW, LLC
                                                *Attorney for Plaintiffs*


                                                Kraig M. Dowd, Esq.


## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to R. 4:25-4, Kraig M. Dowd, Esq. is hereby designated as trial counsel on behalf of the Plaintiff.

Dated:                                          WEBER DOWD LAW, LLC
                                                *Attorney for Plaintiffs*


                                                Kraig M. Dowd, Esq.


## JURY DEMAND

Please take notice that Plaintiffs demand a trial by jury on all issues permitted to be tried by a jury.

## CERTIFICATION PURSUANT TO R.4:5-1

I certify to the best of knowledge and belief that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding.

I further certify to the best of knowledge and belief that no other action or arbitration proceeding is contemplated at the present time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

12

Dated:    May 7, 2014                          WEBER DOWD LAW, LLC
                                               *Attorney for Plaintiffs*

                                               Kraig M. Dowd, Esq.


## CERTIFICATION PURSUANT TO R. 1:38-7

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).


Dated:    May 7, 2014

                                               WEBER DOWD LAW, LLC
                                               *Attorneys for Plaintiffs*

                                               Kraig M. Dowd, Esq.

13